IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
|     *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 18-2522 |
| | : | |
| COMMISIONER OF SOCIAL SECURITY, | : | |
| | : | |
|     *Defendant*. | : | |

**ORDER**

**AND NOW**, this 13th day of September, 2019, upon consideration of *Pro Se* Plaintiff Edward Thomas Kennedy's Complaint (ECF No. 2) and Defendant the Commissioner of Social Security's Motion to Dismiss (ECF No. 16), it is hereby **ORDERED** said motion is **GRANTED** and the Complaint is **DISMISSED** due to the Court's lack of subject matter jurisdiction.[1]

---

[1] Plaintiff initiated this action purportedly seeking review of the decision of the Commissioner of Social Security regarding a disability insurance benefits claim that was apparently denied. Compl. at 2 (ECF No. 2). Plaintiff did not appeal his alleged denial to an Administrative Law Judge. Compl. at 4. Plaintiff does not include any other detail regarding his claim except a direction to "see attached motion for summary judgment and memorandum." Compl. at 6. The Court has construed the Motion for Summary Judgment (ECF No. 3) with the Complaint. In it, Plaintiff claims that the onset of his disability was in 2000 and he would have sought benefits at that point if he had known he could apply.

Defendant seeks dismissal of the Complaint for lack of subject matter jurisdiction due to Plaintiff's failure to have exhausted his administrative remedies. Mot. Dismiss at 2 (ECF No. 16). Under 42 U.S.C. § 405(g), any would-be plaintiff must exhaust all administrative remedies and obtain a final decision before seeking relief in federal court. *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). Relying upon the affidavit of Barbara Wishnoff, Social Insurance Specialist, Defendant argues Plaintiff has failed to exhaust his administrative remedies. Mot. Dismiss at 3. Ms. Wishnoff avers that the Pennsylvania Disability Determination Service denied Plaintiff's application for disability insurance benefits on January 24, 2018. Aff. at ¶ 4 (ECF No. 16-1). Ms. Wishnoff further avers that there is no record of Plaintiff appealing that decision at a hearing before an Administrative Law Judge or any record of Plaintiff requesting a hearing. Aff. at ¶¶ 5-6.

A challenge to subject matter jurisdiction may be either facial or factual. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter

It is further **ORDERED** that all other pending motions are **DENIED as moot.**

The Clerk of Court shall **CLOSE** this case for statistical and all other purposes.

BY THE COURT:


/s/ C. Darnell Jones, II
C. DARNELL JONES, II   J.

---

jurisdiction of the court because, for example, it does not present a question of federal law." *Id.* Conversely, a factual attack is an argument that subject matter jurisdiction is lacking "because the facts of the case . . . do not support the asserted jurisdiction." *Id.* When reviewing a factual attack "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006).

Defendant does not expressly state whether this is a facial or factual attack, but given the reliance on Ms. Wishnoff's affidavit, the Court will assume Defendant raises a factual challenge. However, as Defendant has not filed an Answer, and thus has not controverted Plaintiff's allegations, there is presently no factual dispute. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358-359 (3d Cir. 2014). Accordingly, the Court will review the Motion to Dismiss as a facial challenge.

Affording the Complaint the most liberal construction that is reasonable given that Plaintiff is proceeding *pro se*, *see Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), the Court finds that his claim fails on its face. Plaintiff's concession that he failed to exhaust his administrative remedies in seeking a reversal of his denied disability benefits facially demonstrates Plaintiff's inability to invoke this Court's subject matter jurisdiction. The motion to dismiss is granted.